UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EDWAN THURMOND, )<br>           ) <br>       Plaintiff, ) <br>           ) <br>   vs.    ) <br>           ) <br>DONALD MOSLEY, et. al., ) <br>           ) <br>       Defendants. ) <br>_____) | 3:13-cv-00045-MMD-WGC <br><br>**REPORT & RECOMMENDATION** <br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1], and complaint (Doc. # 1-1). After a thorough review, it is recommended that Plaintiff's application to proceed in forma pauperis be granted and that the complaint be dismissed with prejudice.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The

---

[1] Refers to court's docket number.

litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who is presently incarcerated, indicates he is not employed and has received no other income. (Doc. # 1.) His financial certificate indicates that his average monthly balance in his inmate account is $1.16. (*Id.*)

Pursuant to 28 U.S.C. § 1915, Plaintiff's application to proceed in forma pauperis should be granted; however, because Plaintiff's average monthly deposits and average monthly balance are nearly zero, Plaintiff shall not be required to pay an initial installment of the filing fee. However, because the court is recommending dismissal of this action, the full filing fee must be paid pursuant to 28 U.S.C. § 1915(b)(2), which provides that the agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

///

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); see also *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

§ 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

**1. Summary of Complaint**

Plaintiff brings this action against State District Court Judge Donald Mosley, State District Court Clerk Steven Wolfson, Attorney General Catherine Cortez Masto, Chief of Nevada Parole and Probation Amy Wright, and Clark County Assistant Public Defender Kristen Lynch. (Doc. # 1-1.) Plaintiff's allegations pertain to his sentencing and re-sentencing after being convicted of a crime in the Eighth Judicial District of the State of Nevada. He recounts that he was not provided counsel in his first sentencing, which resulted in the Nevada Supreme Court remanding the case to the trial court for re-sentencing with counsel present. He alludes to the fact that the presentence investigation report relied upon at sentencing was incorrect and he never had a chance to review it prior to sentencing. He also asserts that a court document indicated he was present at a proceeding when he was not. Plaintiff's request for relief includes a request for injunctive relief, and specifically requests an injunction that the court's actions are void, including his judgment of conviction. (Doc. # 1-1 at 12.)

**2. *Rooker-Feldman***

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring lower federal courts from hearing *de facto* appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bianchi v. Fylaarsdam*, 334 F.3d 895 (9th Cir. 2003); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("If a federal plaintiff asserts as a

legal wrong an allegedly erroneous decision made by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

Here, it appears that the *Rooker-Feldman* doctrine bars Plaintiff's claims. It is immaterial that Plaintiff frames his federal complaint as a constitutional challenge to the state court's decisions, rather than as a direct appeal of those decisions. *See Bianchi*, 334 F.3d at 898, n. 4. *Rooker-Feldman* prevents lower federal courts from exercising jurisdiction over nay claim that is "inextricably intertwined" with a state court's decision, even where the plaintiff does not directly challenge the state court's rulings, but brings an indirect challenge based on constitutional principles. *See id*.

### 2. *Younger* Abstention

Plaintiff also mentions in his complaint that he has a pending petition for habeas corpus. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Federal courts will generally abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1987).

### 3. Public Defender Does not Act Under Color of State Law

Additionally, a prerequisite to an action brought pursuant to section 1983 is that the defendant acted under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). It is a jurisdictional component of a section 1983 action. *See Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (citation omitted). An attorney representing a criminal defendant, whether privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Therefore, Plaintiff cannot state a claim against Clark County Assistant Public Defender Kristen Lynch.

**4. Judicial & Quasi-Judicial Immunity**

42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Accordingly, Judge Mosley is entitled to absolute judicial immunity for acts performed in his official capacity, as Plaintiff has alleged here. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) ("'The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'") (emphasis added) (citation omitted).

Clerks, such as defendant Steven Wolfson, likewise have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

"[P]robation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under [§] 1983 arising from acts performed within the scope of their official duties." *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986). Therefore, Plaintiff cannot maintain this action against Defendant Amy Wright.

**5. No Basis for Action against Nevada Attorney General**

Finally, Plaintiff's only allegation with respect to Nevada Attorney General Catherine Cortez Masto is that she and her agencies maintained a "falsified record system." It is unclear exactly how Nevada's Attorney General is implicated in Plaintiff's actual allegations. Therefore, there is no further basis for proceeding with this action against the Nevada Attorney General.

**C. Conclusion**

For the foregoing reasons, Plaintiff's action should be dismissed. Because it appears clear that the deficiencies in Plaintiff's complaint cannot be cured by amendment, the dismissal should be with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted)**.**

///

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee; however, because the court is recommending dismissal of this action, the full filing fee should be paid pursuant to 28 U.S.C. §1915(b)(2), which provides that the agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(2) Plaintiff's complaint (Doc. # 1-1) be dismissed with prejudice.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**DATED**:   October 31, 2013.

_____
**WILLIAM G.  COBB**
**UNITED STATES MAGISTRATE JUDGE**