1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                              * * *

9   EDWAN THURMOND,                          Case No. 3:13-cv-00045-MMD-WGC

10                          Plaintiff,
                                             ORDER ACCEPTING REPORT AND
11       v.                                        RECOMMENDATION

    DONALD MOSLEY, et al.,
12
                          Defendants.
13

14          Before the Court is Magistrate Judge William Cobb's Report and

15   Recommendation ("R&R") (dkt. no. 6), regarding Plaintiff Edwan Thurmond's Complaint

16   and application to proceed *in forma pauperis*. (Dkt. no. 1.) Plaintiff filed an objection on

17   December 3, 2013. (Dkt. no. 7.)

18          This Court "may accept, reject, or modify, in whole or in part, the findings or

19   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely

20   objects to a magistrate judge's report and recommendation, then the court is required to

21   "make a *de novo* determination of those portions of the [report and recommendation] to

22   which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however,

23   the court is not required to conduct "any review at all . . . of any issue that is not the

24   subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth

25   Circuit has recognized that a district court is not required to review a magistrate judge's

26   report and recommendation where no objections have been filed. *See United States v.*

27   *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

28   employed by the district court when reviewing a report and recommendation to which no

1   objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

2   Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that

3   district courts are not required to review "any issue that is not the subject of an

4   objection.").

5        Plaintiff's Objection does not address the R&R but informs the Court that Plaintiff

6   lost some of his legal materials during a transfer and asks the Court to send him a copy

7   of the Complaint. (Dkt. no. 7.) Even though the Objection does not directly address the

8   R&R, the Court finds it appropriate to review the R&R *de novo*.

9        Plaintiff pleaded guilty to various felonies. He alleges that he was initially

10   sentenced without counsel present, causing his case to be remanded by the Nevada

11   Supreme Court. As to the re-sentencing, Plaintiff's main contention appears to be that he

12   was not produced for a hearing on January 8, 2007, though the court minutes indicate

13   that he was present. Plaintiff also alleges that the presentence investigation report

14   contained errors and that he was not allowed to review it. The Complaint asks for

15   injunctive relief to void the Eight Judicial District Court's actions in sentencing Plaintiff

16   and to void the court's judgment of conviction. (*See* dkt. no. 1-1 at 12.) It also asks for a

17   declaration that Plaintiff was not present at the January 8, 2007, hearing, and that the

18   First and Sixth Amendments were violated by the court's records. (*Id.*) Lastly, Plaintiff

19   asks for a writ of mandamus to issue to Nevada Parole and Probation to correct the

20   records. (*Id.*) Plaintiff brings this action against the District Court judge that presided over

21   his sentencing, the court's clerk, the state Attorney General, the Chief of Nevada Parole

22   and Probation, and Plaintiff's public defender.

23        The R&R finds that, though Plaintiff frames the Complaint as a constitutional

24   challenge, his claims are "inextricably intertwined" with a state court decision and thus

25   the Court is barred from exercising jurisdiction over this case under the *Rooker-Feldman*

26   doctrine. (Dkt. no. 6 at 4-5.) The R&R also finds that, because Plaintiff has alleged that

27   he has a pending habeas corpus petition in state court, the *Younger* abstention doctrine

28   bars the Court from granting injunctive or declaratory relief that would interfere with the

1  state criminal proceedings. (*Id.* at 5.) As to the Defendants, the R&R notes that a public

2  defender does not act under color of state law and finds that Plaintiff cannot assert a 42

3  U.S.C. § 1983 claim against his public defender. (*Id.*) The R&R further finds that the

4  District Court judge and the Chief of Nevada Parole and Probation are entitled to

5  absolute immunity, and the court's clerk is entitled to quasi-judicial immunity as all were

6  performing duties in their official capacity. (*Id.* at 6.) Lastly, the R&R finds that Plaintiff

7  failed to allege a basis for his claim against the state Attorney General as the only

8  allegation in the Complaint is that she and her agencies maintained a "falsified record

9  system." (*Id.* at 6.)

10       After consideration of the record and the R&R, the Court agrees with the R&R and

11 finds that this action should be dismissed. The R&R recommends that the Court dismiss

12 with prejudice. While the Court recognizes that Plaintiff is proceeding *pro se* and has not

13 previously amended the Complaint, it appears to the Court that the deficiencies in the

14 Complaint cannot be cured by amendment. This action will therefore be dismissed with

15 prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation

16 omitted).

17       It is hereby ordered that the R&R (dkt. no. 6) is accepted and adopted in full.

18 Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted and this action

19 is dismissed with prejudice.

20       The Court grants Plaintiff's request in his Objection and directs the Clerk to send

21 Plaintiff a copy of the Complaint.

22       The Clerk is ordered to file the Complaint and close the case.

23

    DATED THIS 6th day of February 2014.

24

25

26                                        _____
                                          MIRANDA M. DU
27                                        UNITED STATES DISTRICT JUDGE

28

                                      3